**IN RE: IMPRELIS HERBICIDE MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION.**

MDL No. 2284.

United States Judicial Panel on Multidistrict Litigation.

Oct. 20, 2011.

Before JOHH G. HEYBURN II, Chairman, KATHRYN H. VRATIL, FRANK C. DAMRELL, JR., PAUL J. BARBADORO, and BARBARA S. JONES, Judges of the Panel.

## TRANSFER ORDER

Before the Panel: * Pursuant to 28 U.S.C. § 1407, plaintiffs in a District of Delaware action (*Washtenaw*) move for coordinated or consolidated pretrial proceedings in the District of Delaware or, in the alternative, the Eastern District of Pennsylvania or the District of New Jersey, and plaintiff in a Northern District of Ohio action (*Miller*) moves for coordinated or consolidated pretrial proceedings in the Northern District of Ohio. Similarly, plaintiff in another District of Delaware action (*Town & Country Landscape*) moves for coordinated or consolidated proceedings in the District of Delaware or, in the alternative, the District of New Jersey; this plaintiff also does not oppose centralization in the Eastern District of Pennsylvania. In total, these three motions encompass eighteen actions pending in eleven districts as listed on Schedule A.[1]

All responding parties agree upon centralization under Section 1407, but disagree upon the appropriate choice for transferee district. Common defendant E.I. du Pont de Nemours and Company (DuPont) supports centralization in the District of Minnesota or, in the alternative, the District of Delaware. Responding plaintiffs support centralization, either primarily or in the alternative, in one or more of the following districts: the District of Delaware, the Southern District of Indiana, the District of Minnesota, the District of New Jersey, the Northern District of Ohio and the Eastern District of Pennsylvania.[2]

* Judges W. Royal Furgeson, Jr., and Marjorie O. Rendell took no part in the decision of this matter.

1. The parties have notified the Panel of 26 related actions pending in various federal districts. These actions will be treated as potential tag-along actions in accordance with Panel Rules 7.1 and 7.2.

2. Plaintiff in the Western District of Michigan action suggested centralization in the Eastern District of Michigan; at oral argument, this plaintiff supported centralization in the Northern District of Ohio.

■ On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Over 40 actions are pending in eighteen districts. The actions and related actions make similar allegations against DuPont and share factual questions regarding the development, marketing, sale and performance of Imprelis herbicide and its alleged propensity to harm certain coniferous trees. The putative nationwide classes sought by some plaintiffs overlap with each other and with the statewide classes sought by other plaintiffs. Centralization in one district will bring efficiencies to the pretrial proceedings of these actions and will eliminate duplicative discovery and prevent inconsistent pretrial rulings, particularly with respect to class certification. As noted above, all moving and responding parties, including defendant DuPont, support centralization under Section 1407.

■ We are persuaded that the Eastern District of Pennsylvania is an appropriate transferee forum for this litigation. The U.S. Environmental Protection Agency office responsible for the investigation and handling of the Imprelis matter is located in Philadelphia; the federal courthouse in Philadelphia is not far from DuPont headquarters in Wilmington, Delaware; Pennsylvania is within the geographic concentration of Imprelis damage according to DuPont; and actions are pending in this district. Some plaintiffs support centralization in this district, either primarily or in the alternative. Centralization in the Eastern District of Pennsylvania also permits the Panel to assign the litigation to a district that can accept this litigation and to an experienced transferee judge who is willing and able to receive the assignment.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of Pennsylvania are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Gene E.K. Pratter for coordinated or consolidated pretrial proceedings in that district.

## SCHEDULE A

MDL No. 2284 — IN RE: IMPRELIS HERBICIDE MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

*District of Delaware*

*Washtenaw Acquisition LLC, et al. v. E.I. Du Pont de Nemours and Company*, C.A. No. 1:11–00624

*Marsha Shomo, et al. v. E.I. Du Pont de Nemours and Company*, C.A. No. 1:11–00633

*Richard D. Shlansky–Goldberg, et al. v. E.I. Du Pont de Nemours and Company*, C.A. No. 1:11–00637

*Michael Golden v. E.I. Du Pont de Nemours and Company*, C.A. No. 1:11–00640

*Town & Country Landscape Management LLC v. E.I. Du Pont de Nemours and Company*, C.A. No. 1:11–00656

*Southern District of Indiana*

*Harlene Clark v. E.I. Du Pont de Nemours and Company*, C.A. No. 1:11–00962

*Matthew Tader v. E.I. Du Pont Nemours and Company*, C.A. No. 1:11–01033

*Northern District of Iowa*

*Daryl Haley, et al. v. E.I. Du Pont Nemours and Company*, C.A. No. 11–00085

 

*Nicholas L. Peters v. E.I. Du Pont Nemours and Company,* C.A. No. 5:11–04066

*District of Kansas*

*Jeffrey A. Bailey v. E.I. du Pont de Nemours and Company,* C.A. No. 2:11–02428

*District of Minnesota*

*Alan R. Gingold v. E.I. Du Pont de Nemours and Company,* C.A. No. 0:11–02166

*Mark Petersen v. E.I. Du Pont de Nemours and Company,* C.A. No. 0:11–02205

*District of New Jersey*

*Perennial Services, LLC v. E.I. Du Pont de Nemours and Company,* C.A. No. 2:11–04229

*Northern District of Ohio*

*Luanne Miller v. E.I. Du Pont de Nemours and Company,* C.A. No. 1:11–01517

*Southern District of Ohio*

*Tamara K. Gallo, et al. v. E.I. Du Pont de Nemours and Company, et al.,* C.A. No. 2:11–00680

*Eastern District of Pennsylvania*

*Capital Turf Management, Inc. v. E.I. Du Pont de Nemours and Company,* C.A. No. 2:11–04914

*District of Utah*

*Greenleaf Enterprises v. E.I. Du Pont de Nemours and Company,* C.A. No. 2:11–00664

*Eastern District of Wisconsin*

*Tim Reynolds v. E.I. Du Pont de Nemours and Company,* C.A. No. 2:11–00730